# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MICHAEL RODRIGUEZ,

Plaintiff,

v.

NAPHCARE, *et al*,

Defendants.

Case No. 2:17-cv-02344-RFB-CWH

**ORDER**

Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction

Before the Court is Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 25, 26. For the reasons stated below, the Court DENIES Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff filed a motion to proceed *in forma pauperis* on September 6, 2017. ECF No. 1. Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order on December 6, 2017. ECF Nos. 6 and 7. The Court issued a Screening Order on December 19, 2017, allowing the due process medical violations and municipal liability claims to proceed against certain defendants. On December 21, 2017, the Court held a hearing on the Motion for Preliminary Injunction and Temporary Restraining Order. At the hearing, the Defendants agreed to have the Plaintiff examined and to file a status report with the results. As a result, the Court denied the Motion for Preliminary Injunction and Temporary Restraining Order without prejudice as moot. ECF No. 14. On January 12, 2018, the Defendants filed a status report under seal, indicating that

the Plaintiff was given an MRI and an Independent Medical Examination, and the examining physician concluded that his requested medical treatment was unnecessary. ECF No. 15. Plaintiff filed a Motion for Clarification on January 17, 2018, contesting the Defendants' compliance with the Court's previous Order. ECF No. 18. The Court denied the Motion for Clarification in a minute order on January 29, 2018, finding that the Defendants had complied. ECF No. 19. Plaintiff filed an Amended Complaint on February 1, 2018. ECF No. 23. Plaintiff filed a Motion for Leave to file a Second Amended Complaint on May 3, 2018. ECF No. 46. Plaintiff filed a Renewed Motion for Temporary Restraining Order and Preliminary Injunction on February 5, 2018. ECF Nos. 25, 26. Plaintiff filed a Motion for Status on June 13, 2018. ECF No. 55.

## II.  LEGAL STANDARD

A temporary restraining order may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that

the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### III. DISCUSSION

The Court does not find a basis for granting the Plaintiff a Preliminary Injunction at this time, as the Plaintiff has not demonstrated a likelihood of success on the merits. The Court previously denied the Motion for Preliminary Injunction because Defendants agreed to have the Plaintiff examined by a medical professional and to file a status report with the results. Defendants filed that status report on January 12, 2018. ECF No. 15. The report indicates that NaphCare conducted an MRI of the Plaintiff's cervical, thoracic, and lumbar spines on January 5, 2018 and found no significant abnormalities, other than minimal disc bulging at C3-C4 and C4-C5. The report also indicates that Dr. Henry Duran conducted an extensive review of the Plaintiff's medical records and an Independent Medical Examination of the Plaintiff on January 10, 2018. Dr. Duran concluded that the Plaintiff's requests for narcotic pain medication and anxiety medication were not medically necessary at this time. Dr. Duran also found that the Plaintiff's requested trigger point injections were not medically necessary. It is Dr. Duran's opinion that the Plaintiff's current complaints of pain are appropriately treated with acetaminophen 325 mg (taken as needed), ibuprophen 800 mg (taken as needed), and sucralfate 1 gm (taken three times daily, for treatment of ulcers). According to the status report, all three medications are currently provided to Plaintiff in the Clark County Detention Center.

Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction takes issue with this status report and disagrees with these diagnoses. However, Plaintiff is not a

medical professional and the Court is not in a position to disagree with the opinion of a medical professional when there is no other competent medical evidence in the record that indicates Plaintiff should be receiving as a medical necessity alternative forms of treatment. Under the deliberate indifference standard, inmates are not entitled to receive the specific medical treatment that they prefer, as long as the treatment provided to them is not equivalent to "a purposeful act or failure to respond to a prisoner's pain or possible medical need." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff underwent medical testing and an examination at this Court's urging. He received a medical opinion from a board-certified physician and diagnostic opinions for his testing. The Court therefore does not find that Plaintiff can establish a likelihood of success on the merits of his deliberate indifference claim. Plaintiff may continue to pursue his medical deliberate indifference claims through discovery, but he is not entitled to a preliminary injunction based on this record.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that the Motion for Temporary Restraining Order (ECF No. 6) and the Renewed Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 25 and 26) are DENIED. The Motion for Leave to File Memorandum of Points and Authorities (ECF No. 61) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Status (ECF No. 55) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 35) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Second Amended Complaint (ECF No. 46) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to File Medical Records Under Seal (ECF No. 47) is GRANTED.

**IT IS FURTHER ORDERED** that the Motions for Issuance of Summons (ECF Nos. 28 and 40) are DENIED, as the identified Defendants are represented by the same counsel as the

previous Defendants. Counsel for the Defendants is directed to accept service of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time to Complete Summons (ECF No. 34) is DENIED as moot.

**IT IS FURTHER ORDERED** that each party shall submit a proposed Scheduling Order within 14 days of this Order.

DATED this 17th day of September, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**