# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL RODRIGUEZ, | Case No. 2:17-cv-02344-RFB-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| NAPHCARE, et al., | |
| Defendants. | |

Presently before the court is plaintiff Michael Rodriguez's Motion Requesting Court Order Directing the Las Vegas Metropolitan Police Department and Naphcare to Facilitate the U.S. Marshal's Service of Process (ECF No. 70), filed on September 20, 2018. Defendants did not file a response.

Also before the court are Rodriguez's proposed scheduling order (ECF No. 72) and Williamson and Mondora's proposed scheduling order (ECF No. 73), filed on September 27 and September 28, 2018, respectively.

Also before the court is defendants Larry Williamson, M.D. and Raymond Mondora, M.D.'s Motion for Screening of Plaintiff's Proposed Second Amended Complaint Pursuant to 28 U.S.C. § 1915A(a) and the Prison Litigation Reform Act 42 U.S.C. § 1997e (ECF No. 74), filed on September 27, 2018. Rodriguez filed a response (ECF No. 77) on October 11, 2018. Williamson and Mondora filed a reply (ECF No. 78) on October 18, 2018.

**I.     BACKGROUND**

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary. Rodriguez is a pretrial detainee at the Clark County Detention Center. In his original complaint, which the court screened under 28 U.S.C. § 1915A and § 1915(e)(2), Rodriguez sued defendants Naphcare, Dr. Mondora, Dr. Williamson, Undersheriff Fasulo, and

Deputy Chief Suey, alleging they violated his Eighth Amendment rights by abruptly stopping his pain-management treatment. (Screening Order (ECF No. 11); Compl. (ECF No. 12).) Rodriguez was given permission to file a second amended complaint. (Order (ECF No. 69).) The second amended complaint adds new claims and new parties. (Second Am. Compl. (ECF No. 46).) Rodriguez now requests assistance from Las Vegas Metropolitan Police Department and Naphcare with service of the second amended complaint. Drs. Mondora and Williamson request that the court screen the second amended complaint.

**II. MOTION FOR SCREENING (ECF NO. 74)**

Drs. Mondora and Williamson request that the court screen the second amended complaint under 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997(e), arguing it includes new parties, new claims, and new dates of injury. They argue the parties should not be required to spend time and money on discovery if the new claims are without merit. Rodriguez does not oppose screening of his second amended complaint, but he argues defendants should not be given an opportunity to renew arguments they have already litigated in this case.

**A. 28 U.S.C. § 1915A**

Section 1915A(a) states as follows with respect to screening:

> (a) Screening. — The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). While the statute is clear regarding the timing of compulsory screening—that it must take place as soon as practicable after docketing—it "does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014). After a complaint has been screened under § 1915A, proposed amended complaints are governed by Rule 15 of the Federal Rules of Civil Procedure. *See id.* at *4. Post-answer re-screening of every amended complaint, regardless of how far a case has progressed, would increase the burden on the federal courts, which is contrary to the Prison Litigation Reform Act's purpose of reducing the burden of prisoner litigation on the court. *See id.*

Here, the court entered a screening order as required by § 1915A. Drs. Mondora and Williamson subsequently answered the complaint. When Rodriguez moved to file a second amended complaint, Drs. Mondora and Williamson had an opportunity to oppose that motion before it was granted by the United States district judge assigned to this case. To the extent Drs. Mondora and Williamson argue the new claims are without merit and should not proceed, they raised those arguments in their opposition to Rodriguez's motion for leave to file a second amended complaint, and they did not file a motion for reconsideration of the United States district judge's order permitting amendment. Given that § 1915A does not require the court to screen Rodriguez's second amended complaint, and that it would not be in the interest of judicial efficiency, the court declines to do so.

**B. 42 U.S.C. § 1997e**

Drs. Mondora and Williamson also argue the court should screen the second amended complaint under 42 U.S.C. § 1997e, which provides:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(1). The statute "gives a court the authority to dismiss an action sua sponte; it does not mandate that a court re-screen in response to a motion to amend filed post-answer and mid-litigation." *Olausen*, 2014 WL 6065622 at *5. However, § 1997e(1) does not address—let alone compel—post-answer screening." *Id.* Given that § 1997e(1) does not require post-answer re-screening of amended pleadings, the court declines to screen Rodriguez's second amended complaint based on this statute. The court therefore will deny Drs. Mondora and Williamson's motion for screening.

**III. MOTION REQUESTING SERVICE (ECF NO. 70)**

Rodriguez's "Motion Requesting Court Order Directing the Las Vegas Metropolitan Police Department and Naphcare to Facilitate the U.S. Marshal's Service of Process" is somewhat unclear. To the extent Rodriguez requests that Naphcare and Metro be required to assist him with

service, that motion is denied, as it is not defendants' burden to effectuate service. To the extent Rodriguez requests assistance with service of his second amended complaint by the United States Marshal's Service, that request is granted. *See* Fed. R. Civ. P. 4(c)(3) (providing that the court must order service by a United States marshal if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915). The court therefore grants Rodriguez's motion in part and denies his motion in part. The court includes instructions regarding service in the conclusion of this order.

**IV.     SCHEDULING ORDER**

The court has reviewed and considered the parties' proposed discovery plans and scheduling orders. The parties agree this case should proceed on the standard 180-day discovery plan. The court therefore will enter a separate scheduling order with a 180-day discovery plan, measured from the date of this order.

**V.     CONCLUSION**

IT IS ORDERED that defendants Larry Williamson, M.D. and Raymond Mondora, M.D.'s Motion for Screening of Plaintiff's Proposed Second Amended Complaint Pursuant to 28 U.S.C. § 1915A(a) and the Prison Litigation Reform Act 42 U.S.C. § 1997e (ECF No. 74) is DENIED.

IT IS FURTHER ORDERED that Michael Rodriguez's Motion Requesting Court Order Directing the Las Vegas Metropolitan Police Department and Naphcare to Facilitate the U.S. Marshal's Service of Process (ECF No. 70) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Rodriguez's second amended complaint (ECF No. 46-1).

IT IS FURTHER ORDERED that the clerk of court must send to Rodriguez seven blank summons forms and seven blank USM-285 forms for the newly-added defendants, along with a copy of this order.

IT IS FURTHER ORDERED that Rodriguez must complete the forms and file them with the court by January 2, 2019.

IT IS FURTHER ORDERED that upon receipt of the proposed summonses and completed USM-285 forms from Rodriguez, the clerk of court must issue the summonses and deliver the summonses, the USM-285 forms, a copy of the second amended complaint (ECF No. 46-1), and a copy of this order to the U.S. Marshal for service.

DATED: December 6, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE