# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL RODRIGUEZ, | Case No. 2:17-cv-02344-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| NAPHCARE, et al., | |
| Defendants. | |

Presently before the Court are multiple motions filed by pro se Plaintiff Michael Rodriguez and Defendants in this matter, which the Court will address in turn. Plaintiff is a pretrial detainee at the Clark County Detention Center. The Second Amended Complaint (ECF No. 84) is the operative complaint in this matter.

First, Plaintiff filed a Motion for the Court to Intervene (ECF No. 166) on December 2, 2019. In doing so, he requests that the Court issue an order or otherwise sanction Defendants for not providing Plaintiff notice of court filings. The Court finds no grounds to issue such an order, much less to sanction Defendants, as there is no evidence that Defendants have failed to properly serve Plaintiff with any filing they have made with the Court.

Second, Defendants Las Vegas Metropolitan Police Department and Joseph Lombardo request an extension of 14 days, up to and including December 19, 2019 to respond to the Second Amended Complaint, due to counsel's recent retention in this matter. (ECF No. 167). The Court finds good cause supports the requested extension in order to permit newly retained counsel to review this matter and respond on the merits. Although filed on December 30, 2019, the Court will consider the Motion to Dismiss (ECF No. 187) to be timely, especially as Defendant Lombardo was served on December 9, 2019 and his respond deadline was set for December 30, 2019. (ECF No. 169).

Third, Plaintiff filed a Motion to Waive Physical Notice of Filings to Defendants (ECF No. 171) in which he claims he has the unjustified burden of physically serving filings on Defendants. The Court finds no authority that warrants waiving the requirement that Plaintiff properly serve Defendant with each and every filing he makes with the Court. Defendants Las Vegas Metropolitan Police Department, Joseph Lombardo, Larry Williamson, Raymond Mondora, James Anthony, and Eric Lopez, represent through their respective counsel that they are not opposed to waiving the requirement that Plaintiff provide them with a copy of court filings that are made through CM/ECF as they can access those themselves. (ECF No. 175). However, they request that any other documents not filed on CM/ECF, such as discovery, be provided via proper service. As a result, Plaintiff's request will be granted to the extent that he will not have to hand-write an additional copy and mail to the above-noted Defendants any filings made through CM/ECF only.

Fourth, Defendants request an extension of time to file a proposed discovery plan and scheduling order (ECF Nos. 173-174). They indicate that the parties have all agreed on a proposed discovery plan, but need more time from the December 17, 2019 deadline as there is a delay in receiving the signed plan back from Plaintiff due to the extra time associated with sending and receiving mail from the Clark County Detention Center. The Court finds good cause to grant the extension request and will consider the Discovery Plan and Scheduling Order (ECF No. 179) to be timely filed.

Fifth, Plaintiff requests an extension of time to complete service and in the alternative, for the Court to issue service (ECF Nos. 194-195). Specifically, Plaintiff contends he needs additional time to complete service on Defendants Shultz, Meyer, and Duran. He also seeks an order that the unserved Defendants' addresses be filed under seal. The Court notes that Duran waived service as of February 3, 2020 (ECF No. 204). As such, Plaintiff's request is found moot as to Duran. Plaintiff indicates that Shultz and Meyer are the same person. However, Plaintiff has not cited authority that requires the Court to direct that Shultz/Meyer's address be filed under seal nor are any of the Defendants represented by the Attorney General's office such that they may accept service for Shultz/Meyer. As a result, the Court will deny Plaintiff's request to direct

that her address be filed under seal and complete service on Plaintiff's behalf. He will be provided with an additional thirty days to complete a proposed summons and USM-285 to effectuate service on Shultz/Meyer.

Sixth, Plaintiff requests a Rule 45 subpoena to compel Adam Kutner to produce medical records of Plaintiff related to recommendations of surgery by Dr. Walter Kidwell, Dr. Thalgott, and Dr. Latourette and direct the United States Marshal to complete service of the Rule 45 summons. The Court notes that this is a renewed request as Magistrate Judge Hoffman already issued an order granting this request on January 10, 2019. (ECF No. 94). The Court notes that the subpoena was subsequently issued to Kutner & Associates on January 22, 2019 in compliance with that Order. (ECF No. 98). Further, the subpoena was returned executed on January 30, 2019. (ECF No. 103). As a result, Plaintiff's request is unable to be granted as there are no grounds for the Court to reissue summons and assist with service. To the extent that Plaintiff is claiming to have not received the documents requested in the subpoena, then he should meet and confer with Kutner & Associates prior to filing a motion to compel with proper points and authority. His renewed request for a Rule 45 subpoena is denied.

**IT IS HEREBY ORDERED** that Plaintiff Michael Rodriguez's Motion for the Court to Intervene (ECF No. 166) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Time to Respond to the Amended Complaint (ECF No. 167) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waive Physical Notice of Filings to Defendants (ECF No. 171) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Time to File the Joint Proposed Discovery Plan and Scheduling Order (ECF No. 173) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Complete Summons (ECF No. 194) is **granted in part and denied in part**. It is granted to the extent that Plaintiff is provided with thirty days from today's order to complete a summons and USM-285 form for Kendra Schultz/Kendra Meyer and upon receipt of the completed USM-285 form and proposed summons, the clerk of court must issue the summons and deliver the summons, the

USM-285 form, a copy of the second amended complaint (ECF No. 46-1), and a copy of this order to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Order, or in the Alternative, for Court to Issue and Direct Service of Subpoena (ECF No. 195) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Issue and Serve Subpoena Duces Tecum (ECF No. 203) is **denied**.

DATED: March 10, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE