LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

*Attorneys for Defendant*
*Las Vegas Metropolitan Police Department*
*Sheriff Joseph Lombardo*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>NAPHCARE, et al.,<br><br>Defendants. | CASE NO.:   2:17-cv-02344-RFB-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY**<br><br>**(First Request)** |

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of June 16, 2020, be continued for a period of sixty (60) days up to and including **August 14, 2020**, for the purpose of allowing the parties to complete written discovery, disclose expert witnesses, and take depositions of the parties.

**I.   DISCOVERY COMPLETED TO DATE**

Sheriff Joseph Lombardo and Las Vegas Metropolitan Police Department ("LVMPD Defendants") and Larry Williamson, M.D., Raymond Mondora, M.D., James Anthony, D.O. and Eric Lopez, P.A. ("Naphcare Defendants) have provided their initial Rule 26 Disclosures.

Plaintiff has not provided his disclosures because under FRCP 26(a)(1)(B)(iv) he is exempt. Naphcare Defendants have also provided their first, second, third, fourth and fifth supplements to Rule 26 Disclosures. Naphcare Defendants Drs. Williamson and Mondora have submitted First and Second Sets of Interrogatories and Requests for Production of Documents to Plaintiff and Plaintiff has responded. LVMPD Defendants have responded to Plaintiff's Requests for Production of Documents.

## II. DISCOVERY YET TO BE COMPLETED

LVMPD and Naphcare Defendants will serve their initial written discovery requests (Interrogatories, Requests for Admissions and Requests for Production of Documents) on Plaintiff. Thereafter, Plaintiff's deposition will be taken. Any necessary expert and rebuttal expert reports will be disclosed.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

Plaintiff is currently incarcerated at Clark County Detention Center ("CCDC") and is representing himself in proper person. Plaintiff has been convicted but not yet sentenced so he will be transferred to Nevada Department of Corrections in the future. Sheriff Lombardo filed a Motion to Dismiss which Plaintiff recently responded to and it is still pending. Due to Plaintiff's incarceration and representing himself in proper person, there have been some delays. In addition, Plaintiff underwent medical treatment which has impeded his ability to respond to and request discovery. The parties anticipate that there will be further delays in the future.

The parties recognize that this request is not being made within twenty-one (21) days of the deadline to amend the pleadings and add parties (March 18, 2020) pursuant to LR 26-4; however the parties submit that good cause and excusable neglect exists.

LR 26-4 states in relevant part:

///

A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

Here, the parties negotiated an agreement well before 21 days before the deadline to amend the pleadings and add parties. But that agreement was stymied over several weeks due to the communication difficulties inherent in communicating with a detainee at CCDC. Telephone calls were difficult to schedule and mail traveled slowly. For example, the LVMPD Defendants mailed Plaintiff a draft of this stipulation for his review but Plaintiff identified an error and mailed it back with his notes. This process took longer than anticipated. Regardless, the length of the delay will not substantially impact the proceedings and will not prejudice any party.

**IV. PROPOSED EXTENDED DEADLINES**

The parties respectfully request this Court enter an order as follows:

**(A)     Discovery Deadline.**

The current discovery cut-off date of June 16, 2020, should be extended for a period of sixty (60) days, up to and including **August 14, 2020**.

/ / /

/ / /

/ / /

**(B)     Amending the Pleadings and Adding Parties.**

The parties, and each of them, shall have until Friday, **May 15, 2020** to file any motions to amend the pleadings to add parties.  This date is 89 days before the discovery cut-off date of **August 14, 2020**.

**(C)     Experts and Rebuttal Experts.**

The parties, and each of them, shall disclose their experts to each other at least sixty (60) days before the discovery cut-off date, or by **June 16, 2020**. The parties, and each of them, shall disclose rebuttal experts at least thirty (30) days after the initial date for disclosure of experts, or by **July 16, 2020**.

**(C)     Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than thirty (30) days after the close of discovery, or by **September 14, 2020**.

**(D)     Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial.  Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter.  Reply briefs will be allowed only with leave of the Court.

**(E)     Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, or by **October 14, 2020**, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court.  The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

**(F)  Interim Status Report.**

In accordance with LR 26-3, not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report stating the time they estimate will be required for trial giving three (3) alternative available trial dates, and stating whether in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions. The status report shall be signed by counsel for each party or the party, if appearing in *pro se*. The parties shall file the interim status report by **June 16, 2020**.

**(G)  Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)  A statement specifying the discovery completed;

(b)  A specific description of the discovery that remains to be completed;

(c)  The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)  A proposed scheduled for completing all discovery.

This request for an extension is made in good faith and joined by all the parties in this case. The Request is timely pursuant to LR 26-4. Trial is not yet set in this matter and

Page 5 of 6

1  dispositive motions have not yet been filed.  Accordingly, this extension will not delay this case.

2  Moreover, since this request is a joint request, neither party will be prejudiced.  The extension

3  will allow the parties the necessary time to complete discovery.

4       DATED this 19th day of March, 2020.

5  KAEMPFER CROWELL      LEWIS BRISBOIS BISGAARD & SMITH

6  By: _/s/ Ryan Daniels_____    By: _/s/ Katherine J. Gordon_____
    LYSSA S. ANDERSON                     S. Brent Vogel, Esq.

7      Nevada Bar No. 5781                        Nevada Bar No. 6858
    RYAN DANIELS                                   Katherine J. Gordon, Esq.

8      Nevada Bar No. 13094                        Nevada Bar No. 5813
    1980 Festival Plaza Drive, #650             6385 S. Rainbow Blvd. Suite 600

9      Las Vegas, Nevada 89135                    Las Vegas, NV 89118

10  **Attorneys for LVMPD Defendants**         **Attorney for Defendants**
                                                                        **Larry Williamson, M.D., Raymond**

11                                                                         **Mondora, M.D., James Anthony, D.O.,**
                                                                        **Eric Lopez, P.A., Harry Duran, M.D.,**

12                                                                         **and Naphcare**
By: _/s/ Michael Rodriguez[1]_____

13      Michael Rodriguez, #1893015
    Clark County Detention Center

14      330 South Casino Center
    Las Vegas, NV 89101

15  **Plaintiff in Proper Person**

16

17      **IT IS SO ORDERED.**

18      DATED this 20th day of March, 2020.

19

20

21                                                        UNITED STATES MAGISTRATE JUDGE

22  _____

[1] LVMPD's Counsel spoke with Mr. Rodriguez on the telephone on March 13, 2020. Counsel
23  had previously sent him a draft of this Stipulation and Mr. Rodriguez explained that it was
missing certain information. LVMPD's Counsel made the changes and Mr. Rodriguez stated that
24  counsel could use his electronic signature with the new changes.