UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL RODRIGUEZ,

Plaintiff,

v.

NAPHCARE, INC. et al,

Defendants.

Case No. 2:17-cv-02344-RFB-DJA

ORDER

## I.    INTRODUCTION

Before the Court is Plaintiff's Motion for Reconsideration (ECF No. 134), Motion for Leave to File Supplemental Memorandum (ECF No. 180), and Defendants' Motion for Order Prohibiting a Plaintiff from Filing Additional Documents Which Seek Reconsideration of Order No. 69 (ECF No. 191).

## II.    BACKGROUND

Plaintiff filed an Application to Proceed *In Forma Pauperis* on September 6, 2017. ECF No. 1. Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order on December 6, 2017. ECF Nos. 6, 7. The Court issued a Screening Order on December 19, 2017, allowing the due process medical violations and municipal liability claims to proceed against certain defendants. On December 21, 2017, the Court held a hearing on the Motion for Preliminary Injunction and Temporary Restraining Order. At the hearing, the Defendants agreed to have the Plaintiff examined and to file a status report with the results. As a result, the Court denied the Motion for Preliminary Injunction and Temporary Restraining Order without prejudice as moot. ECF No. 14. On January 12, 2018, the Defendants filed a status report under seal, indicating that

1    the Plaintiff was given an MRI and an Independent Medical Examination, and the examining

2    physician concluded that his requested medical treatment was unnecessary. ECF No. 15. Plaintiff

3    filed a Motion for Clarification on January 17, 2018, contesting the Defendants' compliance with

4    the Court's previous Order. ECF No. 18. The Court denied the Motion for Clarification in a minute

5    order on January 29, 2018, finding that the Defendants had complied. ECF No. 19.

6        Plaintiff filed an Amended Complaint on February 1, 2018. ECF No. 23. Plaintiff filed a

7    Motion for Leave to file a Second Amended Complaint on May 3, 2018. ECF No. 46. Plaintiff

8    filed a Renewed Motion for Temporary Restraining Order and Preliminary Injunction on February

9    5, 2018. ECF Nos. 25, 26. Plaintiff filed a Motion for Status on June 13, 2018. ECF No. 55. The

10   Court denied the Renewed Motion for Temporary Restraining Order and Preliminary Injunction

11   on September 17, 2018. ECF No. 69. Plaintiff filed the instant Motion for Reconsideration on June

12   25, 2019. ECF No. 134. After several requests for extension of time, Defendants responded on

13   August 12, 2019. ECF No. 145. Plaintiff replied on August 26, 2019. ECF No. 147.

14       Plaintiff filed the instant Motion for Leave to File Supplemental Memorandum on

15   December 26, 2019. ECF No. 180. Plaintiff filed a Notice of Inquiry regarding the status of the

16   motion the same say. ECF No. 182. Defendants responded on December 30, 2019, ECF No. 189,

17   and Plaintiff replied on January 13, 2020.

18       Defendants filed the instant Motion for Order Prohibiting Plaintiff from Filing Additional

19   Documents Which Seek Reconsideration of Order No. 69 on December 31, 2019. ECF No. 191.

20   Plaintiff responded on January 13, 2020, ECF No. 198, and January 17, 2020, ECF No. 199.

21

22   **III.   LEGAL STANDARD**

23   **A.  Motion for Reconsideration**

24       The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v.

25   Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). Pursuant to Rule 60(b) of the Federal Rules of Civil

26   Procedure, this Court may relieve the parties from its summary judgment order on various grounds,

27   including the Court's mistake and any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

28   However, "[a] motion for reconsideration should not be granted, absent highly unusual

1    circumstances, unless the district court is presented with newly discovered evidence, committed

2    clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc.

3    v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks

4    omitted). Motions for reconsideration are disfavored, and a movant may not repeat arguments

5    already presented. D. Nev. Civ. R. 59-1(b). Conversely, "A motion for reconsideration may not be

6    used to raise arguments or present evidence for the first time when they could reasonably have

7    been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880 (internal quotations

8    and citations omitted).

9          **B.  Preliminary Injunction**

10       A temporary restraining order may be issued without notice to the adverse party only if the

11    moving party: (1) provides a sworn statement clearly demonstrating "that immediate and

12    irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

13    in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice

14    should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt

15    necessary in certain circumstances, but under federal law they should be restricted to serving their

16    underlying purpose of preserving the status quo and preventing irreparable harm just so long as is

17    necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126,

18    1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439

19    (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a

20    preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d

21    832, 839 n.7 (9th Cir. 2001).

22       A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

23    clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc.,

24    555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements:

25    "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm

26    in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that

27    the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758

28    F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20

(2008)). A preliminary injunction may also issue under the "serious questions" test. <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-<u>Winter</u>). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other <u>Winter</u> elements. <u>Id.</u> at 1134-35 (citation omitted).

### IV.     DISCUSSION

### A. Motion for Reconsideration (ECF No. 134), Motion for Leave to File Supplemental Authority (ECF No. 180)

Plaintiff seeks reconsideration of the Court's order denying the renewed emergency motions (ECF No. 69) because he states he has not received adequate diagnostics in compliance with the Court's order at the hearing on the initial emergency motions and there is newly discovered evidence in the form of the transcript of those proceedings, a discogram report dated March 7, 2007 obtained via subpoena that indicates Plaintiff is a surgical candidate and his pain cannot be managed with conservative therapy, and addendum reports related to the MRI conducted on January 5, 2018, which indicates the areas of Plaintiff's spine included in the MRI. ECF No. 134 at 1-10. Plaintiff argues he should have received a discogram in addition to an MRI to provide a comparison of his anatomy to indicate whether any changes had occurred, and if Defendants had been forthcoming as to the types of diagnostic examinations previously conducted, the Court could have made a more thorough examination as to what diagnostics were presently warranted. <u>Id.</u> at 10-12. Plaintiff also states the addendum report indicates that the MRI did not assess his primary area of pain, the sacrum spine, but focused instead on the lumbar spine. <u>Id.</u> at 12, 19. Plaintiff argues this new evidence gives rise to serious questions going to the merits of Plaintiff's claims, thereby warranting a "limited injunction" requiring Defendants to comply with the order of the state court overseeing the penalty phase of his criminal proceedings requiring a review by an independent medical examiner of all Plaintiff's medical records and diagnostic studies to determine whether further diagnostics are warranted. <u>Id.</u> at 22-23. Specifically, Plaintiff seeks a

1   CT scan with contrast of Plaintiff's cervical, lumbar, and sacrum spine, and appropriate follow-up

2   care as mandated by the providing physician, including pain management, and a recommendation

3   of safe transport. Id. at 23. Plaintiff further seeks that Defendants be restrained from interfering

4   with this prescribed treatment regimen. Id.

5          The Court finds the "newly discovered evidence" provided by Plaintiff in the form of the

6   addendum to his January 9, 2018 MRI report, results from his provocative discography dated

7   March 7, 2007, and transcript of the hearing does not warrant granting the relief he requests. As

8   an initial matter, the Court cannot and will not issue an order requiring Defendants to comply with

9   an order issued by the state court presiding over Plaintiff's criminal trial. To the extent Plaintiff

10  seeks the specific relief ordered by that court, this Court has no jurisdiction to grant him that relief.

11         As to the "newly discovered evidence," the Court does not find that it changes the Court's

12  prior conclusion that Plaintiff has failed to make a showing of likelihood of success on the merits.

13  Plaintiff insists that because the 2007 discography revealed a posterior annual tear and disc

14  protrusion of the L5-S1 disc, Defendants were required to ensure Plaintiff received the same

15  diagnostic imaging pursuant to the Court's order during the December 2017 hearing. While the

16  Court emphasized at the hearing the logical necessity of comparable diagnostics to ascertain

17  whether any change had occurred in Plaintiff's condition, the Court also plainly stated that it

18  deferred to the medical professionals, ECF No. 44 at 30, and in any event, the MRI Plaintiff

19  received included analysis of the L5-S1 disc and revealed "no evidence of lumbar spine disc

20  herniation, including L5-S1 level," ECF No. 145 at 13. Furthermore, the discogram report Plaintiff

21  identifies as "newly discovered evidence" was referenced by Dr. Huran in his patient evaluation,

22  as was the fact that Plaintiff had previously been recommended surgery. ECF No. 15-2 at 3, 4.

23  Additionally, Defendants' medical expert (whose declaration is attached to their response),

24  indicates that "MRIs are the definitive testing for evaluation of Plaintiff's claimed chronic pain,"

25  ECF No. 145 at 18 ¶ 11, and states that the abnormalities in the L4-5 and L5-S1 identified in the

26  provocative discography have resolved, as they were not seen on recent imaging, id. at 19 ¶ 16.

27  Essentially, the provocative discography report, which documented injuries Plaintiff had over

28  thirteen years ago and which was acknowledged by Dr. Huran in his January 2018 evaluation, does

not sufficiently cast doubt on the results of the MRI he received in January 2018 such that it either creates "serious questions going to the merits" of Plaintiff's claims or a likelihood of success on the merits.

Regarding the other forms of "newly discovered evidence" cited by Plaintiff, the transcript of the proceedings does not constitute evidence, particularly when Plaintiff was present at those proceedings, and Dr. Kuo's addendum to the January 2018 MRI report undermines Plaintiff's argument that the MRI imaging did not include the primary source of Plaintiff's pain, as the addendum plainly states the imaging included the L5-S1 level. Id. at 13.

The Court therefore denies the Motion for Reconsideration. Additionally, the Court has reviewed the supplemental authority attached to Plaintiff's Motion for Leave to File Supplemental Authority (ECF No. 180) and finds it does not change this analysis. Plaintiff seeks to include medical studies that suggest the positioning of a patient's body during MRI imaging may affect the ability to diagnose various conditions, and suggests the positioning of his body during the January 2018 MRI may have resulted in a failure to capture and diagnose an annual tear. As the Court stated at the hearing and in its prior order, it does not have the capacity to override the conclusions of medical professionals, and Plaintiff's supplemental evidence does not constitute evidence that casts the conclusions of his treating physicians in doubt. The Court will therefore deny the Motion for Leave to File Supplemental Authority.


**B. Motion for Order Prohibiting a Plaintiff from Filing Additional Documents Which Seek Reconsideration of Order No. 69 (ECF No. 191)**

Defendants Anthony, Lopez, Mondora, and Williamson seek in this motion (joined by Defendants Las Vegas Metropolitan Police Department and Lombardo) to preclude Plaintiff from filing additional motions seeking reconsideration of the Court's order denying the Renewed Temporary Restraining Order and Preliminary Injunctions (ECF Nos. 25, 26) pursuant to Local Rule 59-1, which prohibits movants from re-asserting prior arguments. D. Nev. Civ. R. 59-1(b). The Court will grant the motion, as it finds the substance of Plaintiff's argument in the Motion for Reconsideration is a re-assertion of Plaintiff's essential argument made in the renewed emergency

motions, which is that he disagrees with the conclusions of the January 2018 MRI report and Dr. Huran. Plaintiff may not file additional motions for reconsideration without conflicting competent medical evidence and testimony or a citation to a relevant change in the law that would warrant the relief sought. This order *does not preclude* Plaintiff from seeking emergency relief as needed from this Court, if novel emergent issues or concerns arise. Rather, the Court clarifies that it will not entertain further motions for reconsideration of its order denying the renewed emergency motions, absent the circumstances described *supra*.

### V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 134) and Motion for Leave to File Supplemental Authority (ECF No. 180) are **DENIED**.

**IT IS FURTHER ORDERED**  that Defendants' Motion for Order Prohibiting a Plaintiff from Filing Additional Documents Which Seek Reconsideration of Order No. 69 (ECF No. 191) is **GRANTED** as discussed in this order.

DATED May 27, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**