UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Rodriguez,<br><br>                              Plaintiff,<br><br>       v.<br><br>Naphcare, et al.,<br><br>                              Defendants. | Case No. 2:17-cv-02344-RFB-DJA<br><br>**Order** |

    This is a prisoner civil rights case arising out of medical care Plaintiff Michael Rodriguez received while an inmate at the Clark County Detention Center.  Plaintiff sues multiple Defendants, alleging violations of his due process rights and municipal liability for those violations.  Defendant Las Vegas Metropolitan Police Department (LVMPD) moved to extend the discovery deadlines after a stay during which Plaintiff's case was unsuccessfully referred to the pro bono program. (ECF No. 292).  Defendants Larry Williamson, M.D.; Raymond Mondora, M.D.; James Anthony D.O.; Eric Lopez, P.A.; Naphcare, Inc.; Harry Duran M.D.; and Kendra Meyer did not respond.  Plaintiff opposed the motion, arguing that LVMPD's proposed schedule failed to extend the deadline to amend pleadings or add parties.  (ECF No. 293).  Plaintiff also filed his own motion for a discovery schedule status conference, arguing that a conference is necessary to address the disagreement between him and LVMPD over the deadline to amend pleadings or add parties.  (ECF No. 294).  LVMPD responds that a discovery conference is unnecessary and the deadline to amend pleadings or add parties closed before the Court stayed discovery and should remain closed.  (ECF No. 296).

    Because the Court finds that LVMPD has demonstrated good cause and that Plaintiff has not shown why the deadline to amend pleadings or add parties should be extended, it grants LVMPD's motion to extend.  (ECF No. 292).  Because the Court finds that Plaintiff's motion is essentially requesting leave to amend and reiterating his arguments opposing the undersigned's

report and recommendation, it denies Plaintiff's motion for a discovery schedule status conference. (ECF No. 294). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

      ***A.     Prior extensions and the discovery stay.***

Plaintiff moved to extend discovery deadlines by 120 days on April 27, 2020. (ECF No. 222). The Court granted his motion, extending the deadline to amend pleadings and add parties to September 14, 2020. (ECF No. 226). On September 14, 2020, Plaintiff moved to file a third amended complaint. (ECF No. 246).

On September 24, 2020, LVMPD moved to extend discovery. (ECF No. 251). The remaining Defendants joined and Plaintiff did not oppose. (ECF Nos. 252, 257). LVMPD's motion did not address the already-passed deadline to amend pleadings and add parties. (ECF No. 251). Neither did Plaintiff's proposed discovery schedule in his non-opposition. (ECF No. 257). Defendants then moved to extend discovery once more on December 4, 2020, again not including the already-passed deadline to amend pleadings and add parties. (ECF No. 271). The Court granted the motion. (ECF No. 272).

The Honorable District Judge Richard F. Boulware then held a hearing on March 12, 2021—a few days before the expert disclosure deadline of March 15, 2021—during which he adopted the undersigned's report and recommendation denying Plaintiff's motion to file a third amended complaint. (ECF No. 284). The minutes of that hearing explain that the Court denied Plaintiff's motion to file a third amended complaint without prejudice and referred the case to the pro bono program. (*Id.*). The minutes also stayed discovery "until the status conference at which the Court will revisit the discovery schedule." (*Id.*). On December 15, 2021, after placement with the pro bono program was unsuccessful, the case was placed back on the standard litigation track. (ECF No. 291).

      ***B.     LVMPD's motion to extend the discovery deadlines.***

LVMPD now moves to extend the discovery deadlines except the deadline to amend pleadings or add parties. (ECF No. 292). Plaintiff responds that the deadline to amend pleadings

or add parties should also be extended because Plaintiff interprets the Court's statement that it would revisit the discovery schedule as including the deadline to amend pleadings or add parties. (ECF No. 293 at 3-4). Plaintiff adds that, without leave to amend, the Court cannot decide his claims on their merits and points out that amendment would not be futile. (*Id.* at 2-4). LVMPD replies that the deadline to amend pleadings or add parties expired over a year ago, during which time Plaintiff took the opportunity to amend his complaint. (ECF No. 295). LVMPD argues that the Court denied this attempt on its merits—not just because discovery was stayed—and that the Court's statements did not express an intent to reopen the deadline to amend pleadings or add parties. (*Id.* at 4).

### C. *Plaintiff's motion for a discovery schedule status conference.*

Plaintiff moves for a discovery schedule status conference, arguing that a conference is necessary to resolve the parties' dispute over the deadline to amend pleadings or add parties. (ECF No. 294). Plaintiff argues that he was never given instructions for amendment in the Court's most recent screening order but was also not informed that amendment was futile. (*Id.* at 2). He adds that he has identified new facts and that the Court never provided the status conference it mentioned in its hearing minutes. (*Id.* at 2-4).

LVMPD responds that a status conference is unnecessary to reset discovery and that reopening the amendment deadline is unwarranted. (ECF No. 296). LVMPD argues that a discovery conference would have been appropriate if pro bono counsel entered the case but is no longer necessary because nothing has changed since the discovery stay. (*Id.* at 6). LVMPD concludes that Plaintiff is using his motion as a vehicle to re-argue his motion for leave to amend and objection to the undersigned's report and recommendation. (*Id.* at 7-10).

In reply, Plaintiff reiterates that his amended claims would not be futile, and thus he should have leave to amend. (ECF No. 298 at 3). Plaintiff argues that the undersigned failed to consider these claims in recommending denying Plaintiff's motion to amend. (*Id.* at 3-4). Plaintiff adds that a status conference is necessary to resolve the disputed deadline. (*Id.* at 5-6).

**II.     Discussion.**

***A.     The Court grants LVMPD's motion to extend discovery deadlines.***

Under Local Rule 26-3, a motion to extend a date set by an order must, in addition to satisfying the requirements of Local Rule IA 6-1, be supported by a showing of good cause for the extension. LR 26-3. The good cause standard primarily considers the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992). A request made after the expiration of the specified period will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. LR IA 6-1(a).

The Court grants LVMPD's motion because it demonstrates good cause for the extension and diligence in discovery. LVMPD explains that discovery was stayed right before the expert disclosure deadline and only recently lifted. (ECF No. 292 at 3). It also appears that the parties were diligently engaging in discovery before the stay and an extension is necessary for the parties to complete the remaining discovery. (*Id.* at 5-6).

The Court is not convinced by Plaintiff's argument that the extension should include the deadline to amend pleadings or add parties. As LVMPD points out, that deadline ended on September 14, 2020. Moreover, Plaintiff previously agreed to an extension request that did not include the deadline to amend pleadings or add parties. In doing so, Plaintiff even provided his own proposed deadlines which did not include the deadline to amend pleadings or add parties. (ECF No. 257). Plaintiff asserts that he was under the impression the Court would reopen this deadline after lifting the stay. (ECF No. 293 at 3-4). But Plaintiff's previous agreement to a schedule that did not include the deadline to amend pleadings or add parties lessens this argument.

By the time the Court stayed discovery, the deadline to amend pleadings or add parties had long passed. And all parties demonstrated their understanding that the deadline had passed in LVMPD's extension request, the remaining Defendants' joinder, and Plaintiff's non-opposition. (ECF Nos. 251, 252, and 257). The Court thus grants LVMPD's motion and *sua sponte* extends

the requested deadlines another sixty days because of the time between LVMPD filing the motion and the Court's decision.

### B. The Court denies Plaintiff's motion for a status conference.

Plaintiff's motion for a discovery schedule status conference essentially requests leave to amend and reiterates Plaintiff's arguments objecting to the undersigned's report and recommendation. The Court is not inclined to hold a hearing to address whether Plaintiff has identified new facts, whether amendment would be futile, or whether Plaintiff is entitled to amendment because Plaintiff has not moved for leave to amend. Nor is it inclined to hold a hearing to address Plaintiff's objections to the report and recommendation, which has already been decided. And while Plaintiff also requests to address the disagreement between him and LVMPD over the amend pleadings and add parties deadline, the Court does not find a hearing necessary to decide this argument or set a discovery schedule. The parties have briefed the disagreement, and as outlined above, the Court does not find that the deadline to amend pleadings or add parties should be extended. The Court thus denies Plaintiff's motion for a status conference.[1]

**IT IS THEREFORE ORDERED** that LVMPD's motion for an extension (ECF No. 292) is **granted.** The Court *sua sponte* extends the requested deadlines for another sixty days:

| | |
|---|---|
| Expert disclosures: | July 12, 2022 |
| Rebuttal expert disclosures: | August 11, 2022 |
| Discovery cutoff: | September 12, 2022[2] |
| Dispositive motions: | October 12, 2022 |
| Pretrial order: | November 11, 2022[3] |

---

[1] Although Plaintiff points out that the Defendants other than LVMPD did not respond to his motion or letters, the Court does not find this non-response to be sufficient grounds to grant the motion. (ECF No. 298 at 5-6).

[2] Moved to the next business day.

[3] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a discovery schedule status conference (ECF No. 294) is **denied.**

DATED: May 26, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE