UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL RODRIGUEZ, | Case No. 2:17-cv-02344-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| NAPHCARE, INC., *et al.* | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court for consideration is Plaintiff Michael Rodriguez's MOTION for Reconsideration, (ECF No. 299), and MOTION to Stay Case Pending Resolution of ECF No. 299 Motion, (ECF No. 306).

For the foregoing reasons, the Court denies both motions.

### II.   PROCEDURAL BACKGROUND

Plaintiff filed a motion to file a Third Amended Complaint ("TAC") on September 14, 2020, ECF No. 246, Defendants LVMPD and Joseph Lombardo filed a Response on September 28, 2020, ECF No. 253, and Plaintiff filed an untimely Reply on October 9, 2020, ECF No. 261.

The Magistrate Judge's Report and Recommendation, recommending that Plaintiff's Motion to File a TAC be denied, was filed on October 7, 2020. ECF No. 260. The Magistrate Judge determined that Plaintiff sought to amend the operative Second Amended Complaint to add new factual allegations regarding personal participation in order to sue Sheriff Lombardo in his individual capacity and condense his eight current claims into two claims. Id. The Magistrate Judge was not persuaded that the new allegations were sufficient to allege personal participation by

Sheriff Lombardo related to the administration or withholding of Plaintiff's medical care to justify suing in his individual capacity. Id. The Magistrate Judge determined that the proposed TAC's allegations against Sheriff Lombardo failed to cure the deficiencies laid out by the Court's screening order. Id. Further, if Plaintiff was seeking to allege municipal liability, then the Court found that Sheriff Lombardo should be dismissed entirely from the case as his official capacity claims were futile. Id. Finally, the Magistrate Judge found that Plaintiff's attempt to assert claims under the Eighth Amendment were futile because he previously explained that only the Fourteenth Amendment due process claims apply to pretrial detainees. Id.

Plaintiff filed an objection to the Report and Recommendation on October 26, 2020, to which Defendant LVMPD filed a Response. ECF Nos. 265, 267. On March 12, 2021, the Court held a motion hearing regarding pending matters in this action, including the Report and Recommendation. ECF No. 284. The Court adopted and affirmed the Report and Recommendation. Id.[1] Accordingly, it denied Plaintiff's Motion to File a TAC. Id.

On April 28, 2022, Plaintiff filed the instant Motion for Reconsideration regarding the Court's March 12, 2021 order adopting and affirming the Report and Recommendation. ECF No. 299. Defendants Naphcare, Inc. ("Naphcare") and Defendant LVMPD filed Responses on May 12, 2022. ECF Nos. 300, 301. Plaintiff filed a Reply on July 15, 2022. ECF No. 311.

On June 27, 2022, Plaintiff filed a Motion to Stay Case Pending Resolution of the Motion for Reconsideration. ECF No. 306. Defendant LVMPD filed a Response. ECF Nos. 307, 308. Defendants James Anthony, Harry Duran, Eric Lopez, Kendra Meyer, Raymond Mondora, Naphcare and Larry Williamson filed joinder to Defendant LVMPD's Response. ECF No. 309. Plaintiff filed a Reply. ECF No. 316.

This Order follows.

---

[1] During the hearing, the Court also granted Plaintiff's Motion to Withdraw ECF Nos. 229 & 232. Id. It separately referred this case to the Pro Bono Pilot Program for the appointment of pro bono counsel, stayed all discovery until a status conference was held to revisit the discovery schedule. Id. It denied Plaintiff's Motion for Reconsideration re 132 Minute Order without prejudice, Plaintiff's Motion for Expedited Review of Additional Information, Plaintiff's Motion for Clarification of 227 Order, Defendants James Anthony, Harry Duran, Eric Lopez, Kendra Meyer, Raymond Mondora, Naphcare, Inc., Larry Williamson's Motion to Strike 229, Plaintiff's Objection to Magistrate Judge's 259 Order, and Defendants' Motion to Take Deposition of Plaintiff. Id.

### III.   MOTION FOR RECONSIDERATION, ECF No. 299

Plaintiff requests that the Court reconsider its March 12, 2021 Order adopting and affirming the Magistrate Judge's Report and Recommendation, recommending that Plaintiff's Motion to File a Third Amended Complaint be denied, pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 59-1.

#### a.  Legal Standard

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted); see also Local Rule 59-1(a). The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). "A motion for reconsideration should not be granted," however, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted).

Under Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). Local Rule 59-1(a) provides in relevant part:

> "A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity. The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or

>   the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

Local Rule 59-1(a). These motions are disfavored. Local Rule 59-1(b).

### b. Discussion

The Court denies Plaintiff's motion for reconsideration.

Plaintiff argues that the Court should relieve him from its March 12, 2021 Order, adopting and affirming the Magistrate Judge's Report and Recommendation, because it is no longer equitable. This is because, factually, the Magistrate Judge's Report and Recommendation erred by not considering Plaintiff's properly submitted Reply, which in turn would have further supported a basis for granting leave to amend the operative complaint. Further, reconsideration is warranted because this Court, in a different case,[2] concluded that the "MAC meeting claims," alleged in the Second Amended Complaint ("SAC") it screened on July 23, 2021, were sufficient to support individual liability. It therefore follows that these same "MAC meeting claims," also alleged in the proposed TAC, should be sufficient to support individual liability against LVMPD supervising personnel for repeatedly receiving notice of Plaintiff's medical complaints and grievances but failing to act in any form. Plaintiff contends that a failure to grant him leave to amend will interfere with his ability to complete discovery and prosecute this action. Accordingly, Plaintiff requests that the Court grant this motion for reconsideration and file an attached proposed fourth amended complaint.

Defendants oppose the motion for reconsideration. First, Defendants James Anthony, Harry Duran, Eric Lopez, Kendra Meyer, Raymond Mondora, Naphcare, and Larry Williamson argue that the motion is untimely because it was not filed until April 28, 2022, nearly one year and six weeks after the Court's March 12, 2021 Order. Second, the undersigned's screening order of Plaintiff's SAC in the other case concern different parties and allegations from those named and asserted in the proposed TAC in this action. They also suggest that Plaintiff's numerous pleadings,

///

---

[2] See 2:19-cv-02074-ART-VCF, Rodriguez v. Well Path et al. (filed December 3, 2019).

including motions for reconsideration, which are meritless and amount to procedural abuse, warrant sanctions.

Defendant LVMPD adds the following. First, Plaintiff's proposed TAC contains futile claims for relief, as discussed by the Report and Recommendation, which the motion for reconsideration fails to address. Second, Plaintiff has had multiple chances to plead plausible claims against several LVMPD officials but has failed to do so and granting more changes will continue to delay this case, already stretching over five years. Third, the Court's screening order in Plaintiff's other lawsuit, see 2:19-cv-2017-RFB-VCF, does not create a basis for reconsideration because the screening order actually recognized that Plaintiff failed to state a plausible claim against Sheriff Lombardo in his individual capacity. Indeed, Plaintiff's reliance on that order is based on the Court's holding that some claims against different officials within LVMPD, based on "MAC Meetings," could proceed. Finally, Plaintiff's request for the fourth amended complaint to be filed has been improperly filed.

Plaintiff responds with the following. First, the motion for reconsideration is timely because, during this time, he was awaiting (1) possible appointment of pro bono counsel, (2) correspondence from Defendants regarding amendment issues, and (3) the July 23, 2021 screening order in 2:19-cv-02074-ART-VCF had not yet been filed. Second, his motion does not warrant sanctions because this Court only prohibited him from filing a motion for reconsideration of one of its orders. Third, the proposed fourth amended complaint addresses the deficiencies in the TAC as noted by the Magistrate Judge. Fourth, the "MAC Meeting" claims alleged in this action are identical to those alleged in 2:19-cv-02074-ART-VCF. Fifth, Plaintiff's claims have not been dismissed with prejudice nor has the motion for reconsideration rehashed arguments already considered and rejected by the Court. Finally, Plaintiff's fourth amended complaint was properly filed.

The Court does not find that granting Plaintiff's motion for reconsideration is warranted. The Court has already considered and rejected Plaintiff's argument regarding the Magistrate Judge's alleged failure to consider his Reply brief in support of his motion for leave to amend the

/ / /

operative complaint. Moreover, Plaintiff's Reply in support of this Motion for Reconsideration concedes that the TAC failed to address the deficiencies noted by the Report and Recommendation.

Finally, the Court does not find that its July 23, 2021 screening order in 2:19-cv-02074-ART-VCF constitutes a highly unusual circumstance warranting reconsideration of its March 12, 2021 Order.[3] Plaintiff asserts that the TAC's "MAC Meeting" claims are sufficient to support individual liability against LVMPD supervising personnel because such claims sufficiently supported claims against supervisory personnel in 2:19-cv-02074-ART-VCF. As Defendants assert, however, Plaintiff's reliance on that screening order is based on the Court's holding that some claims against other LVMPD officials could proceed. Indeed, consistent with the Magistrate Judge's view in the Report and Recommendation, the screening order recognized that Plaintiff still failed to state a plausible claim against Sheriff Lombardo in his individual capacity, notwithstanding any allegations related to an "MAC Meeting." Ultimately, Plaintiff fails to show how the allegations screened in 2:19-cv-02074-ART-VCF would now render the Court's decision, adopting the Report and Recommendation, clear error. The Court has considered Plaintiff's other arguments and finds that they lack merit.

In sum, the Court did not clearly err in adopting and affirming the Magistrate Judge's Report and Recommendation nor has Plaintiff demonstrated that there was law or facts that the Court has overlooked or misunderstood. See Fed. R. Civ. P. 60(b)(5)-(6); Local Rule 59-1(a).

Therefore, Plaintiff's Motion for Reconsideration is denied.

### IV.   CONCLUSION

**IT IS ORDERED** that Plaintiff Michael Rodriguez's MOTION for Reconsideration re ECF No. 284 Minutes of Proceedings (ECF No. 299) is DENIED.

---

[3] As a general matter, 2:19-cv-02074-ART-VCF was transferred from the Court to the Honorable Anne R. Traum and the Honorable Cam Ferenbach on May 18, 2022. See 2:19-cv-02074-ART-VCF, ECF No. 37. Further, on June 9, 2022, Judge Traum screened a TAC filed in that action, making it the operative complaint in the action, rendering the Court's screening order and the SAC in that action inoperative. Id., ECF No. 38.

**IT IS FURTHER ORDERED** that Plaintiff Michael Rodriguez's MOTION to Stay Case Pending Resolution of ECF No. 299 Motion (ECF No. 306) is DENIED as moot.

**DATED:** March 31, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**