UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>PLAINTIFF,<br><br>v.<br><br>NAPHCARE, INC., *et al.*,<br><br>DEFENDANTS. | Case No. 2:17-cv-02344-RFB-DJA<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court for consideration are: Defendants Naphcare, Inc., James Anthony, Harry Duran, Eric Lopez, Kendra Meyer, Raymond Mondora, and Larry Williamson's ("Naphcare et al.") Motion for Summary Judgment (ECF No. 320) and Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Motion for Summary Judgment (ECF No. 330).

For the reasons discussed below, Defendants' motions are denied without prejudice, Plaintiff's request to engage in limited discovery pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 345-1) is granted, and the parties' stipulation for extension of time (ECF No. 344) is denied as moot.

### II.   BACKGROUND

On September 6, 2017, Plaintiff, a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. See ECF No. 1. In the operative complaint, Plaintiff sues multiple defendants for events that took place while he was in the custody of LVMPD, detained at the Clark County Detention Center ("CCDC"). ECF No. 84. During his incarceration there, Naphcare was the contracted medical provider responsible for Plaintiff's medical care. Id. Together, Plaintiff

alleges, LVMPD and Naphcare, including certain employees of theirs, failed to provide him with adequate medical treatment for his known back-related injuries, from approximately 2015 and 2017. See id. After screening the Second Amended Complaint, the Court only allowed two of the counts alleged to proceed: one for violation of Plaintiff's Fourteenth Amendment rights and the other, a claim for municipal liability. ECF No. 146.

On March 12, 2021, the Court referred Plaintiff's case to the Pro Bono Pilot Program for the appointment of pro bono counsel. ECF No. 284. After an unsuccessful attempt, the case was withdrawn from the program, and Plaintiff continued to prosecute this case pro se. ECF No. 291.

On May 26, 2022, the Court extended the discovery deadline to September 12, 2022, and the dispositive motion deadline to October 12, 2022. ECF No. 303.

On November 29, 2022, Defendant Naphcare filed the instant Motion for Summary Judgment. ECF No. 320. Defendant LVMPD filed a joinder to this motion. ECF No. 321. After an extension was granted, Defendant LVMPD filed its instant Motion for Summary Judgment on January 10, 2023. ECF No. 330.  In turn, Plaintiff sought multiple extensions to file his Responses, in part because of issues related to his incarceration and accessing records to support the responses. See ECF No. 323, 328, 333, 341. On June 2, 2023, the Court granted in part and denied in part Plaintiff's request. See ECF No. 341, 342. A response was due by July 10, 2023. ECF No. 342.

Ten days later, counsel made an appearance for Plaintiff. ECF No. 343. Plaintiff, this time through counsel, filed a Response to the instant motions on July 10, 2023. ECF Nos. 345, 345-1.[1] The response included a request to reopen discovery on a limited basis pursuant to Federal Rule of Civil Procedure 56(d). Id. Defendants filed Replies, opposing the Rule 56(d) request. ECF Nos. 346, 347.

This Order follows.

### III.    DISCUSSION

#### a.  Legal Standard

---

[1] On the same day, the parties filed a stipulation to extend time for Plaintiff to Respond to the summary judgment motions. See ECF No. 344. Given that the Court will deny Defendants' motions without prejudice, the stipulation is moot.

- 2 -

Federal Rule of Civil Procedure Rule 56(d) provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518.

Separately, Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC, 870 F.3d 978, 989 (9th Cir. 2017). Local Rule 26-3 supplements Federal Rule of Civil Procedure 16. Under that rule, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. . . . A request made after the expiration of the subject deadline will not be granted unless the movant" demonstrates "good cause," and "that the failure to act was the result of excusable neglect." Local Rule 26-3 (emphases added). Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009). Courts have reasoned that whether neglect is excusable depends on such factors as: (1) the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See, e.g., Branch Banking & Trust Co. v. D.M.S.I., LLC, 871 F.3d 751, 764-65 (9th Cir. 2017); Bank of Am., N.A. v. Ann Losee Homeowners Ass'n, 2017 U.S. Dist. LEXIS 165867, *6-9, 2017 WL 4467541 (D. Nev. Oct. 5, 2017). The determination is ultimately an equitable matter and should consider all the relevant circumstances. Bank of Am., N.A. v. Ann Losee Homeowners Ass'n, 2017 U.S. Dist. LEXIS 165867, 2017 WL 4467541 at *7 (D. Nev. Oct. 5, 2017).

### b. Discussion

Here, Defendants have filed two separate motions for summary judgment. In response, Plaintiff requests that he be permitted to perform limited discovery, and that good cause exists to do so because he is incarcerated and was previously proceeding pro se throughout discovery. Accordingly, Plaintiff, through counsel, seeks to: (1) depose Defendant Drs. Raymond Mondora and Larry Williamson to understand why Plaintiff's course of treatment was discontinued; and (2) request (a) Plaintiff's CCDC medical records from 2010 to 2020 and (b) information on the costs of performing trigger point injections at CCDC and prescribing tramadol versus meloxical. With the cooperation of Defendants' counsel, Plaintiff's counsel anticipates this discovery will take 90 days. Defendants oppose the request. Defendants assert that Plaintiff's request is not a proper motion to reopen discovery. Further, Defendants assert that none of this evidence will change the outcome requested in their motions: summary judgment in their favor on both Plaintiff's remaining claims. Defendant LVMPD argues, for instance, that there is no information that Drs. Mondora or Williamson, the medical records, or information related to costs, that could defend against its exhaustion and merits-based arguments against Plaintiff's claims.

The Court finds it proper to allow Plaintiff to conduct discovery before opposing Defendants' motions for summary judgment. Defendants' objection is one of form over substance, and it is an objection that the Court does not find mitigates against exercising its discretion in considering this discovery request.[2] As such, the Court first finds that Plaintiff's request complies with the information required by Local Rule 26-3. The Court also finds that the requested discovery will not be fruitless. Rather, it would be relevant to helping decide Plaintiff's claims on the merits. Second, the Court finds that good cause exists. Indeed, Plaintiff, including when he was proceeding pro se, has acted diligently in prosecuting this case. See DRK Photo, 870 F.3d at 989.

Third, the Court finds excusable neglect exists. Plaintiff has been diligent in pursuing his case but has been impeded by his custodial status. The Court further finds that Defendants would not be prejudiced if discovery is reopened for the limited purposes discussed above. Further, the

---

[2] Although the Court exercises its discretion in considering this request, see Local Rule IA 1-4, Plaintiff's counsel is cautioned that any further extensions to the Court's scheduling order must comply with the Court's local rules, see Local Rule 26-3.

Court is not persuaded that being required to refile the motions for summary judgment after discovery closes would constitute prejudice, especially if, as Defendants argue, the discovery requested would still not support Plaintiff's remaining claims. In addition, the Court does not find that an additional 90 days of discovery would negatively impact the proceedings or cause undue delay, as the parties have jointly extended discovery previously. The Court also finds that the reason for the delay does not weigh against granting Plaintiff's request. Indeed, this Circuit has cautioned courts that "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004); id. ("observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence"). Here, up until last month, and certainly throughout discovery, Plaintiff was a pro se, incarcerated litigant. Lastly, the Court finds that Plaintiff has acted in good faith.

Accordingly, Plaintiff's request to reopen discovery is granted, and Defendants' motions for summary judgment are denied. The denial of Defendants' motion for summary judgment is without prejudice to them filing renewed motions for summary judgment after the parties have conducted discovery. See Fed. R. Civ. P. 56(d)(1).

### IV.   CONCLUSION

**IT IS ORDERED** that Defendants Naphcare, Inc., James Anthony, Harry Duran, Eric Lopez, Kendra Meyer, Raymond Mondora, and Larry Williamson's Motion for Summary Judgment (ECF No. 320) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Las Vegas Metropolitan Police Department's Motion for Summary Judgment (ECF No. 330) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Jerry E. Johnson's Request to Reopen Discovery (ECF No. 345-1) is **GRANTED**. Discovery is reopened for ninety (90) days, and dispositive motions shall be due fourteen (14) days after the close of discovery. The parties shall submit a discovery schedule consistent with this order for the Court's consideration by **October**

**6, 2023**.

**IT IS FURTHER ORDERED** that the STIPULATION FOR EXTENSION OF TIME (Fifth Request) (ECF No. 344) is **DENIED** as moot.

**DATED:** September 25, 2023



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**